SONS CO., INC., et al., Respondents.—In an action to foreclose on a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated August 16, 1988, which denied its motion to stay arbitration.

Ordered that the order is affirmed, with costs to the respondent L. Riso & Sons Co., Inc.

The plaintiff's motion to stay arbitration, which was made approximately five months after the plaintiff itself had demanded arbitration, and after the plaintiff had participated in the arbitration, was properly denied. Insofar as relevant here, a stay of arbitration is only available to a party "who has not participated in the arbitration and who has not made * * * an application to compel arbitration" (CPLR 7503 [b]). If the arbitrator decides an issue which the plaintiff believes to have been beyond the arbitrator's jurisdiction to decide, the plaintiff's proper course is to apply for vacatur of the arbitrator's award (see, CPLR 7511 [b] [1]).

In light of the foregoing, we need not reach the remaining issue raised by the plaintiff. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.

■ EAVES BROOKS COSTUME COMPANY, INC., Also Known as EAVES COSTUME CO., INC., Respondent, v Y.B.H. REALTY CORP. et al., Defendants, and M. LIONEL APRILL, Doing Business as NEW YORK AUTOMATIC SPRINKLER SERVICE CO., et al., Appellants.—In an action to recover damages for injury to property, the defendants Aprill and Wells Fargo Alarm Services separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Joy, J.), dated August 15, 1988, as denied, in part, their respective motions for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the appellants' respective motions are granted in their entireties, and the complaint is dismissed insofar as it is asserted against the appellants.

The plaintiff, which is in the business of renting and selling theatrical costumes, alleged that it suffered property damage in excess of $1,000,000, when, as a result of a faulty sprinkler system, a large amount of water was released which destroyed numerous costumes which it had stored in a warehouse. An alarm system which was supposed to issue a warning when the sprinkler was activated proved defective and contributed to the extent of the loss. The defendants Aprill and Wells Fargo Alarm Services (hereinafter Wells Fargo) had entered

into contracts with their codefendants, but not with the plaintiff, to inspect the sprinkler and alarm systems for defects.

The Supreme Court erred in denying the appellants' respective motions for summary judgment dismissing the complaint insofar as it is asserted against them.

A review of the record indicates that Aprill's actions consisted, at most, of a failure to properly inspect the sprinkler heads for age. It is also alleged that Wells Fargo similarly failed to inspect its alarm system on a timely basis and also improperly positioned a water paddle device which was to transmit a signal when leakage occurred.

The appellants' alleged failure to properly and timely inspect the sprinkler and alarm systems were examples of nonfeasance, not of misfeasance. A plaintiff cannot recover in the absence of privity where an affirmative act of negligence has not been committed (see, *Melodee Lane Lingerie Co. v American Dist. Tel. Co.,* 18 NY2d 57). Furthermore, the alleged improper placement of the water paddle by Wells Fargo was not a proximate cause of the failure of the alarm system. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.